IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| TAMMY L . MCKELVIE<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER AFFIRMING THE COMMISSIONER'S DECISION<br><br>Case No. 2:15-cv-00538-JNP<br><br>District Judge Jill N. Parrish |

Before the court is Plaintiff Tammy L. McKelvie's appeal of the Commissioner's final decision determining that she was not disabled and therefore not entitled to Disability Insurance Benefits under Title II of the Social Security Act. *See* 42 U.S.C. §§ 416(i), 423(d). As explained below, the court affirms the final decision of the Commissioner.

## BACKGROUND

Plaintiff claims disability due to physical and mental impairments. Plaintiff's impairments arise primarily from a serious motor vehicle accident that occurred on June 25, 2010. The accident took place on a freeway near Salt Lake City, Utah, when a metal chute dislodged from a cement truck and collided with Plaintiff's windshield. While Plaintiff was not seriously injured in the accident, she soon reported residual pain in her neck, back, and lower extremities. She also complained of significant psychological issues stemming from the accident and, in October of 2010, was diagnosed with post-traumatic stress disorder ("PTSD") and major depression by Dr. Joe C. Culbertson. (Docket No. 5 at 567). Dr. Culbertson remained Plaintiff's treating psychiatrist throughout the period under review.

1

Directly following the accident, Plaintiff returned to work as an administrative assistant. However, on January 11, 2011, Plaintiff left her job based on Dr. Culbertson's recommendation that she not work for a period of time. In April of 2011, Plaintiff attempted to return to work, but quit in June of 2011 citing her ongoing difficulty with "severe depression, anxiety[,] and other symptoms related to her post traumatic stress disorder." *Id.* at 21. In September of 2011, Plaintiff reported to Dr. Culbertson that her prescribed medications were effective in curbing her anxiety and depression, but she could not "do a frantic job search." *Id.* at 579. Dr. Culbertson then recommended that Plaintiff remain off work indefinitely. *Id.* at 730. The next year, in March of 2012, Dr. Culbertson completed a disability report that described Plaintiff's depression as "mild[,]" her anxiety as both "mild" and "situational[] around driving[,]" and her prognosis as "likely to improve" after resolution of a lawsuit revolving around the June 2010 accident. *Id.* at 726-28. Plaintiff returned to work full time in July of 2012.

Plaintiff filed a claim with the Social Security Administration on January 26, 2012, seeking disability benefits beginning June 25, 2010. *Id.* at 19. In April of 2012, she was evaluated in her home by Dr. Lester J. Nielson, Jr. on behalf of the Administration. That same year, Plaintiff's medical records and disability application were evaluated by two state agency psychologists, Drs. Laurie Sullivan and Helen Kjolby. All three evaluators determined that Plaintiff was capable of working in certain limited capacities. *See id.* at 111-14, 130-33, 720. An administrative law judge ("ALJ") reviewed Plaintiff's medical records and the findings of Drs. Nielson, Sullivan, and Kjolby, as well as other submitted evidence, including Dr. Culbertson's recommendations and treatment notes from the period. *Id.* at 19-32. Plaintiff's claim for disability benefits was initially denied on May 3, 2012, and then again upon reconsideration on July 25, 2012. Upon Plaintiff's request, the ALJ held a hearing on November 6, 2013, where

Plaintiff, her husband, and other witnesses testified. At the hearing, Plaintiff requested a closed period of review, from January 11, 2011 to July 16, 2012. *Id.* at 44. After the hearing, the ALJ determined that Plaintiff was not disabled under the Social Security Act during the period of review, and again denied her application for benefits. *Id.* at 32. The Appeals Council declined to hear Plaintiff's appeal, making the ALJ's conclusion the final decision of the Commissioner for purposes of judicial review. *See* 20 C.F.R. § 404.981.

On July 29, 2015, Plaintiff filed her complaint in this case seeking review of the Commissioner's final decision. (Docket No. 2). Thereafter, the Administration timely filed an answer and the administrative record for review. (Docket Nos. 4, 5). The parties then filed appropriate briefing in the matter, outlining the issues on appeal. (Docket Nos. 13, 18, 19). Both parties presented oral argument at a hearing held before this court on September 6, 2016. (Docket No. 32). This court now considers the issues raised by the parties in briefing and oral argument with jurisdiction conferred by 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted). The Commissioner's findings, "if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (quotations and citation omitted). Thus, this court's review of the Commissioner's final decision is inherently deferential. *See Chambers v. Barnhart*, 389 F.3d 1139, 1143 (10th Cir. 2004). Indeed, this

3

court may "neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted). However, where the ALJ fails "to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed[,]" reversal may be warranted. *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted).

A five-step evaluation process has been established for determining whether a claimant is disabled. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v); see also *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process). If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed. *See* 20 C.F.R. § 416.920(a)(4).

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If [the claimant] is, disability benefits are denied. If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that h[er] impairments would have more than a minimal effect on h[er] ability to do basic work activities, [s]he is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.

*Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see also* 20 C.F.R. § 416.920(a)(4)(i)-(ii). "Step three determines whether the impairment is equivalent to one of a number of listed impairments that . . . are so severe as to preclude substantial gainful activity . . . . If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . ." *Williams*, 844 F.2d at 751 (quotations and citations omitted); *see also* 20 C.F.R. § 416.920(a)(4)(iii). At the fourth

step, the claimant must show that the impairment prevents performance of her "past relevant work." 20 C.F.R. § 416.920(a)(4)(iv). "If the claimant is able to perform h[er] previous work, [s]he is not disabled." *Williams*, 844 F.2d at 751. If, however, the claimant is not able to perform her previous work, she "has met h[er] burden of proof, establishing a prima facie case of disability." *Id*.

At this point, "[t]he evaluation process . . . proceeds to the fifth and final step." *Id.* At this step, the burden of proof shifts to the Commissioner, and the decision maker must determine "whether the claimant has the residual functional capacity . . . to perform other work in the national economy in view of h[er] age, education, and work experience." *Id.*; *see* 20 C.F.R. § 416.920(a)(4)(v). If it is determined that the claimant "can make an adjustment to other work," 20 C.F.R. § 416.920(a)(4)(v), she is not disabled. If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," 20 C.F.R. § 416.920(a)(4)(v), she is disabled and entitled to benefits.

## ANALYSIS

In this case, the ALJ followed the five-step evaluation process described above and ultimately determined that Plaintiff was not disabled and therefore not entitled to benefits. As noted previously, the ALJ's determination became the final decision of the Commissioner when the Administration's Appeals Council rejected Plaintiff's appeal. In support of her claim that the Commissioner's decision should be reversed, Plaintiff argues that the ALJ erred (1) in her evaluation of the medical opinions of Dr. Culbertson, (2) in her failure to expressly discuss Dr. Culbertson's opinions at step three, and (3) because her conclusions at steps three and five were not supported by substantial evidence. The court will address those arguments in turn.

I.       **The ALJ did not err in evaluating Dr. Culbertson's opinions.**

Plaintiff's first assignment of error challenges the weight the ALJ accorded to Dr. Culbertson's opinions regarding the severity of Plaintiff's symptoms during the period under review. As explained below, the ALJ properly evaluated Dr. Culbertson's opinions under the applicable regulations and this court therefore rejects Plaintiff's claim of error.

In his treatment notes from June 13, 2011, Dr. Culbertson noted symptoms, apparently reported by Plaintiff, including severe anxiety, depression, and suicidal thoughts. (Docket No. 5 at 569-570). The same day, Dr. Culbertson made the following hand-written recommendation: "I recommend that Tammy McKelvie stop her work now. She will need to be off work 90 days." (Docket No. 5 at 577).  Later, on September 12, 2011, the treatment notes indicated that Plaintiff's prescription medication "seem[ed] to work" and that she felt that she was "better[,] but can not [sic] do a frantic job search." *Id.* at 579. She also reported that she had "no self[-]confidence" and was "not ready to return to work." *Id.* The same day, Dr. Culbertson renewed his earlier recommendation: "I recommend that Mrs. McKelvie continue to be off work. Her Post Traumatic Stress Disorder and Major Depression continue to limit her ability to manage [the] ordinary stress of job expectations." *Id.* at 580.

In her decision, the ALJ explained that these recommendations were entitled to "little weight" because Dr. Culbertson (1) "fail[ed] to give specific limitations that would leave the claimant unable to work," (2) "fail[ed] to take into account the claimant's reported improvements in her symptoms[,]" and (3) "because [his opinions were] inconsistent with the claimant['s] demonstrable activities during [the period under review]." *Id.* at 26. Plaintiff argues that these reasons were insufficient to justify the diminished weight assigned to Dr. Culbertson's opinions. (Pl. Op. Br. at 20-24).

Plaintiff first contends that Dr. Culbertson's opinions should have been accorded controlling weight in the ALJ's analysis. *Id.* at 20-23. A treating physician like Dr. Culbertson may "offer an opinion which reflects a judgment about the nature and severity of the claimant's impairments including the claimant's symptoms, diagnosis and prognosis, and any physical or mental restrictions." *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1029 (10th Cir. 1994) (citing 20 C.F.R. § 404.1527(a)(2), 416.927(a)(2)). The ALJ will give this opinion controlling weight in her analysis only if the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2). "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003).

Here, the ALJ properly declined to accord Dr. Culbertson's opinions controlling weight. In explaining the weight accorded to Dr. Culbertson's opinions, the ALJ first found that Dr. Culbertson failed to identify specific limitations that affected Plaintiff's ability to work. (Docket No. 5 at 26). An opinion that fails to specifically explain the reasoning underlying its recommendations and is essentially conclusory is not "well-supported by medically acceptable clinical and laboratory diagnostic techniques." *See* 20 C.F.R. § 404.1527(c)(2); *Whelchel v. Barnhart*, 94 F. App'x 703, 708–09 (10th Cir. 2004) (unpublished) (explaining that a brief and conclusory opinion was not "well supported" under the regulations). Because Dr. Culbertson's recommendations failed to explain his reasoning or identify specific findings that supported his conclusions, the ALJ was justified in not according his recommendations controlling weight.

Moreover, the ALJ found that Dr. Culbertson failed to account for "reported improvements in [Plaintiff's] symptoms" and his recommendations were inconsistent with her reported activities

7

during the period. (Docket No. 5 at 26). Such findings of inconsistency with the record further support the ALJ's decision not to accord Dr. Culbertson's opinions controlling weight. *See* 20 C.F.R. § 404.1527(c)(2) (an opinion is only accorded controlling weight if it "is not inconsistent" with other record evidence); *Pisciotta v. Astrue*, 500 F.3d 1074, 1078 (10th Cir. 2007) (explaining that a medical opinion "may be discounted if it is internally inconsistent or inconsistent with other evidence"); *Whelchel*, 94 F. App'x at 708–09 (affirming ALJ's decision not to accord treating physician's opinions controlling weight where the opinions "were not supported by specific findings and were inconsistent with other substantial evidence"). Thus, the ALJ properly declined to accord Dr. Culbertson's opinions controlling weight.

In the alternative, Plaintiff argues that the ALJ improperly rejected Dr. Culbertson's opinions regarding Plaintiff's ability to work rather than weighing the doctor's opinions with other evidence. (Pl. Op. Br. at 23). The Tenth Circuit has explained,

> Where . . . the ALJ decides not to give controlling weight to a treating physician's opinion, the ALJ must decide whether the opinion should be rejected altogether or assigned some lesser weight. Treating source medical opinions not entitled to controlling weight are still entitled to deference and must be evaluated in light of the factors in the relevant regulations, 20 C.F.R. §§ 404.1527 and 416.927.

*Newbold v. Colvin*, 718 F.3d 1257, 1265 (10th Cir. 2013) (citations and internal quotations omitted). The applicable factors listed in C.F.R. §§ 404.1527 and 416.927 are:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003) (quoting *Drapeau v. Massanari*, 255 F.3d 1211, 1213 (10th Cir. 2001)). Using this framework, the ALJ "must give good reasons [] for

the weight assigned to a treating physician's opinion that are sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reason for that weight." *Robinson v. Barnhart*, 366 F.3d 1078, 1083 (10th Cir. 2004) (internal quotations omitted) (citing *Watkins*, 350 F.3d at 1300). Here, the ALJ adequately explained the weight she assigned to Dr. Culbertson's opinions. Despite Plaintiff's assertion to the contrary, the ALJ did not reject Dr. Culbertson's opinions entirely, but assigned them "little weight" and balanced them with the other record evidence.[1] (Docket No. 5 at 26). Moreover, the ALJ's justifications for the weight assigned to Dr. Culbertson's opinions align with the factors listed under 20 C.F.R. §§ 404.1527 and 416.927, and each justification is consistent with the record evidence.

     First, the ALJ's finding that Dr. Culbertson failed to indicate any "specific limitations" that would preclude Plaintiff from working altogether is a "good reason" for assigning the opinion diminished weight. *See* 20 C.F.R. § 404.1527(c)(3). Under the regulations, the ALJ will give less weight to a medical source that fails to "present[] relevant evidence" or to provide sufficient explanation to support an opinion. *Id.* Here, Dr. Culbertson's recommendations lacked any supporting evidence or clarifying explanation. Although Dr. Culbertson's treatment notes from the period indicated that Plaintiff had reported symptoms such as suicidal ideation and severe anxiety, there was no explanation in his recommendations as to how these symptoms would limit her ability to work. In reviewing the treatment notes, the ALJ could have certainly inferred that Plaintiff's reported symptoms would limit her ability to return to her previous level of employment, but neither of Dr. Culbertson's recommendations gave any explanation of his

---

[1] While Plaintiff contends that the ALJ "in effect" completely rejected Dr. Culbertson's opinions, the ALJ herself indicated that she weighed his opinions with the other record evidence. (Docket No. 5 at 26). This court sees no reason not to take the ALJ at her word. *See Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005) ("[O]ur general practice . . . is to take a lower tribunal at its word when it declares that it has considered a matter.").

reasoning or the basis of his conclusions. More importantly, neither recommendation related any evidence or gave any explanation regarding Plaintiff's ability to perform other, less-taxing work.[2] Therefore, the ALJ properly relied on this factor in assigning Dr. Culbertson's recommendations diminished weight. *See Akers v. Colvin*, 556 F. App'x 754, 757 (10th Cir. 2014) (unpublished) (affirming ALJ's decision to discount treating a physician's opinion where the opinion relied almost entirely on claimant's subjective complaints and "provided little or no explanation of the basis of [the physician's] conclusions").

The ALJ's finding that Dr. Culbertson's recommendations "fail[ed] to take into account the claimant's reported improvements in her symptoms" also aligns with the regulatory factors. In addition to considering the evidence and explanation supporting a medical opinion, 20 C.F.R. § 404.1527(c)(3), the ALJ is entitled to consider the consistency of the opinion with record evidence, *id.* § 404.1527(c)(4). Here, treatment notes from July of 2011 indicated that Plaintiff's medication regimen had provided what she termed "immediate relief" from symptoms, and notes from September of 2011 indicated that her medications seemed to be working to curb symptoms. (Docket No. 5 at 673, 731, 732). As the ALJ noted, Dr. Culbertson's September 12, 2011 recommendation did not account for the improvement of Plaintiff's symptoms as a result of medication stabilization, but simply concluded without explanation that she was still unable to return to work. Thus, the recommendation failed to explain or reconcile an apparent inconsistency between record evidence and Dr. Culbertson's conclusions. The ALJ was justified in considering this apparent inconsistency in determining the weight of Dr. Culbertson's

---

[2] In fact, the ALJ's decision aligned with Dr. Culbertson's opinions insofar as he concluded that Plaintiff could not return to her previous level of employment. The ALJ determined at step four that, because of her functional limitations, Plaintiff would be unable to perform any "past relevant work[,]" which included her previous employment as an administrative assistant, receptionist, and legal secretary. (Docket No. 5 at 30). Nevertheless, Dr. Culbertson's recommendations also seemed to indicate that Plaintiff was unable to work in *any* capacity, an opinion that the ALJ found to be both conclusory and inconsistent with the record evidence. *Id.* at 26-31.

10

recommendations. *See* 20 C.F.R. § 404.1527(c)(4); *Vigil v. Colvin*, 805 F.3d 1199, 1202–03 (10th Cir. 2015) (affirming an ALJ's determination to discount a medical opinion where the opinion failed to explain or account for an "apparent discrepancy" between the doctor's findings and the doctor's recommendations).

Finally, the ALJ properly cited Plaintiff's own reported activity during the period as evidence contradicting Dr. Culbertson's opinion that she was so severely disabled that she could not work. When evaluating a medical opinion under 20 C.F.R. § 404.1527(c), the ALJ may consider "any factors . . . which tend to support or contradict the opinion." 20 C.F.R. § 404.1527(c)(6). Here, the ALJ noted record evidence of Plaintiff traveling to California twice to visit family and her preparation of a "vegan Thanksgiving day dinner" as examples of activity during the period that contradicted Dr. Culbertson's opinions. (Docket No. 5 at 26). While none of these activities alone is particularly remarkable, together they indicate that Plaintiff was able to carry on relatively normal activity and could, under certain circumstances, exert "a significant amount of planning, prepping[,] and persistence." *See id.* Thus, the evidence of these activities tended to contradict Dr. Culbertson's determination that Plaintiff could not "manage the ordinary stresses of job expectations." *See id.* The ALJ therefore properly considered these activities in deciding the weight of Dr. Culbertson's opinion. *See* 20 C.F.R. § 404.1527(c)(6); *Newbold v. Colvin*, 718 F.3d 1257, 1266 (10th Cir. 2013) (affirming ALJ's decision to afford lesser weight to a treating physician's assessment of claimant's condition, in part, because the assessment was inconsistent with claimant's reported daily activities).

Thus, the ALJ articulated "good reasons" under 20 C.F.R. §§ 404.1527 and 416.927 for discounting Dr. Culbertson's opinions regarding the severity of Plaintiff's symptoms. Moreover,

each of the ALJ's reasons was supported by substantial evidence in the record. In sum, the ALJ did not err in assigning Dr. Culbertson's opinions diminished weight.

## II. The ALJ did not commit reversible error by failing to expressly address Dr. Culbertson's recommendations in her analysis of step three.

Plaintiff's second assignment of error alleges that the ALJ committed reversible error by failing to discuss key medical evidence—the opinions of Dr. Culbertson—in her analysis of step three. There is, as Plaintiff contends, no express mention of Dr. Culbertson's findings or opinions in the ALJ's step three analysis. However, an ALJ's failure to address an individual piece of evidence does not necessarily constitute reversible error:

> The record must demonstrate that the ALJ considered all of the evidence, but an ALJ is not required to discuss every piece of evidence. Rather, in addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects.

*Clifton v. Chater*, 79 F.3d 1007, 1009–10 (10th Cir. 1996) (internal citation omitted). In *Clifton*, the Tenth Circuit reviewed a denial of Social Security benefits that "did not discuss the evidence or [the ALJ's] reasons for determining that the appellant was not disabled at step three, or even identify the relevant Listing or Listings; [but] merely stated a summary conclusion that [the claimant]'s impairments did not meet or equal any Listed Impairment." *Id.* at 1009. The court concluded that "[s]uch a bare conclusion is beyond meaningful judicial review" and that "the ALJ was required [under the Social Security Act] to discuss the evidence and explain why he found that [the claimant] was not disabled at step three." *Id.* Relying on *Clifton*, Plaintiff argues that Dr. Culbertson's findings and opinions constituted "significantly probative evidence" that the ALJ was required to explicitly discuss as part of her step three analysis. (Pl. Op. Br. at 11). This court rejects Plaintiff's argument for three reasons.

12

First, Plaintiff's reliance on *Clifton* is misplaced. Unlike the ALJ in *Clifton*, the ALJ here did not "merely state[] a summary conclusion that [claimant]'s impairments did not meet or equal any Listed Impairment." *See Clifton*, 79 F.3d at 1009. Instead, the ALJ addressed each of the regulatory criteria by expressly analyzing and applying submitted evidence, including the reports prepared by Drs. Nielson, Sullivan, and Kjolby, as well as Plaintiff's own reported activity during the period. (Docket No. 5 at 22–24). In other words, the ALJ's discussion and analysis of step three is not a "bare conclusion" and is not "beyond meaningful judicial review." *See Clifton*, 79 F.3d at 1009.

Second, the court disagrees with Plaintiff's contention that "the ALJ did not consider Dr. Culbertson's medical opinion at all in relation to her consideration of step three." (Pl. Op. Br. at 10). It is clear from her analysis that the ALJ reviewed the reports submitted by Drs. Sullivan and Kjolby in formulating her step three conclusions. (Docket No. 5 at 22–23). Those reports explicitly addressed and directly evaluated Dr. Culbertson's findings and conclusions regarding the severity of Plaintiff's symptoms during the period. *Id.* at 108, 112–13, 127, 131–32. Therefore, although the ALJ failed to specifically mention Dr. Culbertson in her step three analysis, her review of the reports prepared by Drs. Sullivan and Kjolby necessarily entailed evaluation of his conclusions. Even if express discussion of those conclusions at step three was preferable, it is clear that the ALJ considered Dr. Culbertson's findings and opinions as part of her analysis.

Finally, even if the failure to expressly discuss Dr. Culbertson's conclusions at step three rendered the analysis insufficiently detailed and therefore erroneous under *Clifton*, the omission would not necessitate a remand. As the Tenth Circuit explained in *Fischer-Ross v. Barnhart*, *Clifton* did not establish a "per se rule" of remand where a step three discussion is insufficiently

detailed. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 733 (10th Cir. 2005). Rather, "an ALJ's findings at other steps of the sequential process may provide a proper basis for upholding a step three conclusion that a claimant's impairments do not meet or equal any listed impairment." *Id.* More specifically, where "confirmed or unchallenged findings made elsewhere in the ALJ's decision confirm the step three determination[,]" *id.* at 734, such that a reviewing court can "confidently say that no reasonable administrative factfinder . . . could have resolved the factual matter in any other way[,]" there is no need for remand, *see id.* at 733–34 (quoting *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004)); *Murdock v. Astrue*, 458 F. App'x 702, 703–04 (10th Cir. 2012) (unpublished) ("A step three error, such as the one in this case, does not automatically require remand.").

In this case, the ALJ did not expressly discuss Dr. Culbertson's findings and opinions at step three, but made a detailed evaluation of his conclusions at step four. (Docket No. 5 at 26). There, the ALJ accorded Dr. Culbertson's conclusions significantly less weight than the opinions of Drs. Nielson, Sullivan, and Kjolby, and Plaintiff's reported activities during the period under review. *Id.* This court has already confirmed that the ALJ's treatment of Dr. Culbertson's opinions was adequate and free from error. Because it is clear that the ALJ properly considered Dr. Culbertson's opinions to be of little weight, an express discussion of those opinions at step three would not alter the outcome of the step three analysis. *See Best-Willie v. Colvin*, 514 F. App'x 728, 734 (10th Cir. 2013) (unpublished) (citing *Fischer-Ross*, 431 F.3d at 733–34) (holding that the ALJ's failure to discuss doctor's opinion at step three was harmless error where the opinion was discussed elsewhere and the district court had confirmed that the ALJ "did not err in discounting [the doctor]'s opinions" at step four); *Brewer v. Astrue*, No. 11-CV-295-PJC, 2012 WL 4006417 at *10 (N.D. Okla. 2012) (unpublished) (holding, under *Fischer-Ross*, that an

ALJ's failure to discuss certain medical reports at step three was not reversible error when confirmed analysis at step five precluded a favorable ruling at step three). Any remand requiring the ALJ to expressly discuss Dr. Culbertson's opinions at step three would be "purely formalistic" and "unjustifiably prolong[] administrative proceedings." *See Fischer-Ross*, 431 F.3d at 733. Therefore, this court holds that the ALJ did not commit reversible error by failing to expressly discuss Dr. Culbertson's opinions at step three.

### III. The Commissioner's final decision was supported by substantial evidence.

Plaintiff's remaining assignments of error challenge the Commissioner's final decision by attacking the sufficiency of the evidence supporting the ALJ's conclusions at steps three and five. As discussed above, this court's only role in reviewing the Commissioner's final decision is "to ascertain whether it is supported by substantial evidence in the record and to evaluate whether [s]he applied the correct legal standards." *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007). The evidence marshaled by the ALJ to support her conclusions need only be substantial, or "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). This court cannot reweigh the evidence or retry the case, but should "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Id.*

With this deferential standard in mind, the court turns to Plaintiff's substantive challenge of the Commissioner's decision. Plaintiff primarily argues that the ALJ erred in relying on the April 2012 evaluation authored by Dr. Nielson as part of Plaintiff's disability application. Plaintiff asserts that Dr. Nielson's report was based entirely on her objective mental status and reported symptoms as of April 2012, and therefore cannot constitute substantial evidence of the severity

15

of her symptoms prior to that date. If Dr. Nielson's report were the only evidence in the record supporting the conclusion that Plaintiff was not disabled, the ALJ's reliance on the report might be worrisome. However, the ALJ also supported her decision with the opinions of Drs. Sullivan and Kjolby, as well as the record evidence of Plaintiff's daily and periodic activity. This is far more than a "mere scintilla" of evidence and therefore meets the substantiality test. In essence, Plaintiff asks this court to reweigh the evidence, which a reviewing court simply cannot do. *See Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1498 (10th Cir. 1992). Plaintiff's similar arguments as to the sufficiency of Dr. Nielson's evaluation, including any minor factual errors by the ALJ or the presence of Plaintiff's husband during the evaluation, are likewise unavailing. This court therefore concludes that the ALJ's decision was supported by substantial evidence.

The remainder of Plaintiff's substantive challenge relies upon an affidavit submitted by Dr. Culbertson to the Appeals Council several months after the ALJ issued her decision. The affidavit elaborates on Dr. Culbertson's opinions from June and September of 2011, and reasserts his overall conclusion that Plaintiff was wholly unable to work during the period under review. (Docket No. 5 at 778–79). Under 20 C.F.R. § 404.970, claimants are entitled to submit "new and material evidence" to the Appeals Council to challenge an adverse ruling by an ALJ, and the Appeals Council is obligated to consider the new evidence as part of the record on appeal. 20 C.F.R. § 404.970(b) ("The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision."). A district court reviewing the final decision of the Commissioner for substantial evidence must also consider the newly submitted evidence as part of the administrative record. *See O'Dell v. Shalala*, 44 F.3d 855, 859 (10th Cir. 1994). Where

"the new evidence provides a basis for changing the ALJ's decision[,]" a remand to the Administration may be required. *See Welch v. Colvin*, 566 F. App'x 691, 695–96 (10th Cir. 2014) (unpublished) (citing *O'Dell*, 44 F.3d at 859); *Blea v. Barnhart*, 466 F.3d 903, 913 (10th Cir. 2004) (remanding a disability determination to the Administration in part because evidence submitted to the Appeals Council, but not to the ALJ, undermined the ALJ's decision).

Here, the Appeals Council considered the affidavit as part of the record when reviewing the ALJ's decision, and determined that the newly submitted "information d[id] not provide a basis for changing the Administrative Law Judge's decision." (Docket No. 5 at 2). Upon review of the affidavit and consideration of the record as a whole, this court agrees with the Appeals Council. While helpful as an explanation for Dr. Culbertson's previous opinions, the new affidavit does not tip the weight of evidence in Plaintiff's favor. The affidavit does little more than flesh out Dr. Culbertson's original conclusions regarding the severity of Plaintiff's symptoms during the period under review. The affidavit reveals no new findings regarding Plaintiff's symptoms, but instead more thoroughly analyzes findings already contained in the treatment notes from the period. Two state agency psychologists, Drs. Sullivan and Kjolby, reviewed and evaluated Dr. Culbertson's opinions and treatment notes from the period and determined that the "totality of the evidence does not support the opinion [that Plaintiff was unable to work in any capacity]." (Docket No. 5 at 112, 131). In making her decision, the ALJ had access to and reviewed all of the same treatment notes, as well as the evaluations of those notes by Drs. Sullivan and Kjolby. Moreover, this new analysis of Plaintiff's reported symptoms—which were already considered in the ALJ's decision—does little to undermine the ALJ's finding that Dr. Culbertson's opinions were inconsistent with record evidence of Plaintiff's improvement on prescribed medication and her reported activities during the period. As a result,

his opinions were still inconsistent with other substantial evidence in the record and do not undermine the ALJ's determination.[3] Therefore, despite the introduction of the new affidavit, "the ALJ's determination remains supported by substantial evidence." *See O'Dell*, 44 F.3d at 859.

The above discussion is in no way intended to discount the serious mental and emotional difficulties faced by Plaintiff during the period under review. This court holds only that the Commissioner's final determination—that Plaintiff was not "disabled" under the strict definitions of the Social Security Act—was supported by substantial evidence. As a result, Plaintiff's substantive challenge must fail.

## CONCLUSION AND ORDER

Based on the foregoing, the court concludes that all of Plaintiff's arguments are unavailing. Accordingly, **IT IS HEREBY ORDERED** that the Commissioner's decision in this case be **AFFIRMED**.

**IT IS SO ORDERED**.

DATED this 22nd day of September, 2016.

BY THE COURT:

_____
JILL N. PARRISH
United States District Judge

---

[3] For the same reason, the introduction of the new affidavit does not undermine the ALJ's decision to accord lesser weight to Dr. Culbertson's opinions. Even assuming the affidavit introduces sufficient findings and analysis to make Dr. Culbertson's opinions "well-supported" under the regulations, *see* 20 C.F.R. § 404.1527(c)(2), his opinions remain inconsistent with other substantial evidence in the record. Thus, the ALJ was still entitled to accord the opinions lesser weight. *See Drapeau v. Massanari*, 255 F.3d 1211, 1213 (10th Cir. 2001) ("An ALJ is required to give controlling weight to a treating physician's well-supported opinion, so long as it is not inconsistent with other substantial evidence in the record."). Moreover, even in light of the new affidavit, the ALJ still provided multiple "good reasons" under the regulations for the specific weight she accorded to Dr. Culbertson's opinions, as discussed above. *See, e.g.*, *Vigil*, 805 F.3d at 1202–03 (affirming ALJ's decision to assign a physician's opinion lesser weight because the ALJ gave "good reasons" under the regulations).